CATHARINE WRIGHT, Respondent, *v.* MUTUAL BENEFIT LIFE
ASSOCIATION OF AMERICA, Appellant.

A certificate of membership and insurance upon the life of W., payable to
H., issued by defendant, contained this provision: "No question as to the
validity of an application or certificate of membership shall be raised,
unless such question be raised within the first two years from and after the
date of such certificate of membership and during the life of the member
therein named." The application upon which the certificate was issued,
contained an agreement "that if any misrepresentation or fraudulent or
untrue answer or statement has been made, or if any fact which should
have been stated to the association be suppressed," the agreement shall be
void. W. died within the two years. In an action upon the certificate,
defendant alleged fraud and false statements in the application; also, that
H. had no insurable interest in the life of the insured, but that the insur-
ance was a speculative action on his part to secure an advantage to him-
self on the life of W. Upon the trial defendant offered evidence to sustain
this defense, which was objected to as inadmissible under the said pro-
vision of the certificate and excluded. *Held*, no error, as under the
provision quoted no such defense was available after the death of the
insured; that the stipulation was within the power of the parties to
make, and was in the nature of and served a similar purpose to the
statute of limitations and repose; that it was not a stipulation absolute
to waive all defenses and to condone fraud, but provided ample time
and opportunity within which they may be, but beyond which they may
not be set up.

Also, *held*, that plaintiff, who claimed as assignee of H., was entitled to
recover the whole amount provided by the policy, although the debt
owing the payee by the insured, to secure which the insurance had been
made payable to H., was less than the sum insured, or had been paid in the
lifetime of the latter, or although a portion of the sum provided by the
policy was designed by the payee, in a contingency, for the benefit of
some other person.

Reported below (43 Hun, 61).

(Argued December 10, 1889; decided January 4, 1890.)

APPEAL from judgment of the General Term of the Supreme
Court in the fourth judicial department, entered upon an order
made January 11, 1887, which affirmed a judgment in favor
of plaintiff entered upon a verdict directed by the court.

This action was upon a certificate of life insurance dated
December 6, 1883, issued by defendant, upon the life of
Charles F. Wright.

The certificate was payable to Byron D. Houghton, and was for the sum of $5,000. The assured died June 4, 1885. In December, 1885, or January, 1886, Houghton assigned his interest in the certificate to plaintiff who was the wife of the deceased. Houghton paid all dues and assessments from the first, either directly or by advancing the necessary amounts and charging them to said Charles F. Wright.

The application upon which the certificate was issued contained a condition on the part of the applicant "that if any misrepresentation or fraudulent or untrue answer or statement had been made, or if any fact which should have been stated to the association be suppressed," the agreement of assurance should be null and void. The applicant also warranted the truth of the statements in his application. Houghton stated in his proof of loss that at the time of his death, the deceased owed him $2,823.10, and the proof in the case shows that a considerable portion of that indebtedness existed at the time of the issuance of the policy and increased until it reached the above amount. The defendant alleged in answer, that false and untrue statements were made by Wright in his application with a view to influence the action of the defendant in granting the application. Also, that Wright and Houghton both knew the falsity of the statements; that the defendant was cheated and misled thereby and that Wright and Houghton knew that if the truth in regard to the health and habits of the applicant had been stated, the application for insurance would have been denied.

Further facts are stated in the opinion.

*G. H. Crawford* for appellant. If the defendant had stipulated in express terms that even the willful fraud of the appellant in obtaining the certificate should not, when thereafter discovered, constitute a defense to the certificate, unless so discovered and acted upon within two years, such a stipulation would not be enforced, because contrary to the policy of the law. (Bliss on Life Ins., 429, 430 ; Bunyon on Life Ins., 85 ; *Collins* v. *Blantem*, 2 Wils. 341 ; *Holman* v. *Johnson*,

Cowp. 343; *R. R. Co.* v. *Lockwood*, 17 Wall. 357; *Mynard* v. *S. R. R. Co.*, 71 N. Y. 186; Code of Pro., §§ 382, 410.) The minor son of the assured, or his trustee, is a necessary party to this action. (*Day* v. *Roth*, 18 N. Y. 448; 24 Barb. 365; 8 How. Pr., 385; 11 Paige, 314–319; 71 N. Y. 502.)

*Francis E. Hamilton* for respondent. The court was correct in refusing to require plaintiff to elect under which count in the complaint she would proceed. The two counts were properly joined. (Code, §§ 483, 484.) Houghton had, at the inception of the policy, an insurable interest, and, therefore, as the same was not shown to have been extinguished, he had it after the death of Wright and could execute a valid assignment of the policy. (*Furguson* v. *M. M. L. Ins. Co.*, 32 Hun, 306; *Rawls* v. *A. L. Ins. Co.*, 27 N. Y. 282; *C. M. L. Ins. Co.* v. *Schaefer*, 94 U. S. 457.) The proof herein shows Wright to have obtained this insurance himself, and he had an undeniable right to make it payable to Houghton, who then became vested in a right in the insurance which was, and at all times remained, assignable. (*Olmstead* v. *Keyes*, 85 N. Y. 593; *Carraher* v. *M. L. Ins. Co.*, 11 N. Y. S. R. 665; *Goodwin* v. *M. M. L. Ins. Co.*, 73 N. Y. 480; *Miller* v. *E. L. Ins. Co.*, 2 E. D. Smith, 268; *Morell* v. *T. L. Ins. Co.*, 10 Cush. 282; *Bevin* v. *C. L. Ins. Co.*, 23 Conn. 244; *Ferguson* v. *M. L. Ins. Co.*, 32 Hun, 312; Bliss on Life Ins., § 30; 32 Alb. L. J., 385, 403; *Rawls* v. *A. M. L. Ins. Co.*, 27 N. Y. 282; *Goodwin* v. *M. L. Ins. Co.*, 73 id. 497; *Campbell* v. *N. E. M. L. Ins. Co.*, 98 Mass. 381; *Lemon* v. *P. M. L. Ins. Co.*, 38 Conn. 294; *C. M. L. Ins. Co.* v. *Schaeffer*, 94 U. S. 457; *A. L. & H. Ins. Co.* v. *Robertshaw*, 26 Penn. St. 189.) The company defendant, by its contract of insurance, had divested itself of the right to raise any question as to the validity of the application or certificate of membership, unless raised during the life of the member insured. (Green on Ev., 277, 283; *Wilson* v. *Randall*, 4 N. Y. 140; *Riley* v. *City of Brooklyn*, 46 id. 444; *In re Com'rs of Washington Park*, 52 id. 131; 3 Parsons on Contracts, 17; *Van Nostrand* v. *N. Y. G. Co.*, 7

J. & S., 73.) The company defendant, has waived the breach of warranty in the application, if any, and is estopped from insisting upon it. (*Titus* v. *G. F. Ins. Co.*, 87 N. Y. 410; *Prentice* v. *K. L. Ins. Co.*, 77 id. 483.) The language "no question as to the validity," is in terms broad enough to exclude the defense sought to be established. (*Myers* v. *Dorman*, 34 Hun, 115; *Porter* v. *Worser*, 94 N. Y. 431; *Ormes* v. *Dauchy*, 82 id. 443; *Curtis* v. *Gokey*, 68 id. 304; *Coleman* v. *Black*, 97 id. 545; *Calanan* v. *McClure*, 47 Barb. 206; *In re Cooper*, 93 N. Y. 507; *Lee* v. *Tillotson*, 24 Wend. 337; Cooley on Const. Lim. 181; *Ripley* v. *Æ. Ins. Co.*, 30 N. Y. 136; *Mayor etc.*, v. *H. Ins. Co.*, 39 id. 45; *Wilkinson* v. *F. N. F. Ins. Co.*, 72 id. 499; *Calanan* v. *McClure*, 47 Barb. 206; *W. C. Co.* v. *Hathway*, 8 Wend. 480; Brooms Leg. Maxims, 279; *Hill* v. *Epley*, 31 Penn. St. 331; *Titus* v. *Morris*, 40 Me. 348.)

POTTER, J. This is an action to recover of the defendant the amount it agreed to pay under a policy or certificate insuring the life of Charles F. Wright.

Upon the trial, after the plaintiff had introduced the necessary proofs to entitle her to a recovery, the defendant offered to prove as a defense to the action, that the deceased Charles F. Wright and Byron D. Houghton, the beneficiary named in the policy, for the purpose of obtaining the policy and defrauding the defendant, falsely represented that Wright, the insured, was not then suffering and never had been suffering from certain diseases which had seriously impaired his health, for the purpose of inducing and by means whereof defendant was induced to issue the policy insuring the life of said Wright and that such representations were false, etc.

This evidence was objected to by the plaintiff, that such proof was inadmissable under the provision of the policy; "that no question as to the validity of an application or certificate of membership shall be raised, unless such question be raised within the first two years from and after the date of such certificate of membership, and during the life of the member therein named," and the objection was sustained and defendant excepted.

The defendant also offered to show that the beneficiary Houghton, had no insurable interest in the life of the insured, in short, that it was a speculative and fraudulent scheme, devised and practiced by Houghton, to secure an advantage to himself upon the life of Wright which must soon terminate from the diseases he was then afflicted with. This was also objected to by the plaintiff and excluded by the court and defendant excepted, the court holding that the defendant could not show any such thing unless during the life of the assured or during the period of two years from the date of the policy such question had been raised.

These rulings present the main question upon this appeal and inasmuch as I have reached the conclusion that the judgment should be affirmed, there is but little, if any, occasion to add anything to the reasons contained in the opinion of the General Term affirming the judgment of the trial court in this case. (43 Hun, 61.) There does not seem to be room for any doubt in relation to the meaning of the stipulation referred to. The defendant's counsel does not contend that the language of the stipulation or waiver is not plain and comprehensive of everything which can constitute a defense, nor that the stipulation, though indorsed upon the certificate, does not form a part of the contract of insurance. But he argues from certain supposed analogies to stipulations releasing carriers from liability which have been held not to exempt the carrier from liability for negligence, that it must have been intended between the defendant and the insured to except the defense of fraud from the operation of the stipulation in question. (*Mynard v. S., B. & N. Y. R. R. Co.,* 71 N. Y. 180; *Holsapple* v. *R., W. & O. R. R. Co.,* 86 id. 275.) It does not seem to me that there is any analogy between the two classes of liability and nothing is more misleading than an assumed analogy.

The liability of a common carrier of persons or property for injury or loss was adopted at a very early period in view of the peculiar exigencies of the carrying trade, as a rule of public policy. The degree and extent of the liability of the carrier for negligence was fixed by law and not by the terms of

a contract between the parties. There were numerous contingencies incident to the carrying business other than the negligence of the carrier which might result in loss or injury to the person or goods carried and for which the liability of the carrier would depend upon the facts to be established upon a trial. It might well be held in construing an agreement of exemption in general terms, that its office and effect was to relieve from those grounds of liability which depended upon the evidence and not the liability which was fixed by law. The rules laid down in the cases referred to by the appellant's counsel is merely a rule of the construction of the terms and effect of an agreement.

It by no means holds that liability for negligence may not be stipulated away; for the contrary has been repeatedly held, but the terms of the stipulation in those cases did not provide exemption from liability for negligence. The case under consideration is an alleged fraud in making a private contract between the parties to it.

The contract contains a great number of material representations in relation to the past and present condition of the insured and of course they are variable with every applicant for insurance and every person insured. Such representations if untrue constitute a breach of warranty which will avoid the contract of insurance. If the representations are known by the party making them to be untrue when made, they would also constitute a fraud and avoid the contract of insurance. The difference between the representations and the proof of them upon a trial to avoid the contract would be only the fact whether the party knew the representation was false when he made it. It is to be presumed that the defendant had some purpose when it offered to the insured a contract containing the stipulation and that the stipulation itself had some meaning. The court is asked to hold that the parties to the stipulation understood (for unless the insured so understood the stipulation the defendant was practicing a *fraud* upon *him*); that while the stipulation embraced all representations that were untrue, it did not embrace the same representations, if known

by the party making them, to be untrue.   The practical differ-
ence or effect of this would be, that upon a trial to enforce the
contract, the proofs of the representation, their materiality and
untruth, would have to be made all the same, but the stipula-
tion would come in as a defense to all representations save
those the insured knew to be false.   While I might, perhaps,
entertain the idea that the *insurer* so understood the stipula-
tion, I am very confident that the *insured* did not so under-
stand it.   It seems to me the analogy is based upon an entire
misconception of the object and meaning of the stipulation.
It is not a stipulation absolute to waive all defenses and to con-
done fraud.   On the contrary, it recognizes fraud and all
other defenses but it provides ample time and opportunity
within which they may be, but beyond which they may not be,
established.   It is in the nature of and serves a similar purpose
as statutes of limitations and repose, the wisdom of which is
apparent to all reasonable minds.   It is exemplified in the
statute giving a certain period after the discovery of a fraud
in which to apply for redress on account of it and in the law
requiring prompt application after its discovery, if one would
be relieved from a contract infected with fraud.   The parties
to a contract may provide for a shorter limitation thereon than
that fixed by law and such an agreement is in accord with the
policy of statutes of that character.   (*Wilkinson* v. *First Nat.
Fire Ins. Co.*, 72 N. Y. 499, 502.)

No doubt the defendant held it out as an inducement to
insurance by removing the hesitation in the minds of many
prudent men against paying ill-afforded premiums for a series
of years when in the end and after the payment of premiums,
the death of the insured and the loss of his and the testimony
of others, the claimant instead of receiving the promised insur-
ance may be met by an expensive lawsuit to determine that
the insurance which the deceased has been paying for through
many years, has not and never had an existence except in name.
While fraud is obnoxious and should justly vitiate all con-
tracts, the courts should exercise care that fraud and imposi-
tion should not be successful in annulling an agreement, to the

effect that if cause be not found and charged within a reasonable and specific time, establishing the invalidity of the contract of insurance, it should thereafter be treated as *valid*. Hence I fail to perceive any error in the disposition made of this question in the court below.

The right of the plaintiff, as the assignee of the payee specified in the policy, to recover the whole amount provided by the policy is well settled, even if the debt owing the payee by the person whose life was insured was less than the sum insured, or had been paid in the lifetime of the insured, or if a portion of the sum provided by the policy was designed by the payee in a contingency for the benefit of some other than the payee under the policy. (*Olmsted* v. *Keyes*, 85 N. Y. 593, 599.)

If there is a legitimate *cestui que trust* (of which there is serious question) the plaintiff is the trustee and their rights can be adjusted without involving or imperilling the defendant. (§ 449, C. C. P; *Hutchings* v. *Miner*, 46 N. Y. 456.)

I think the judgment should be affirmed with costs.

All concur; HAIGHT, J., in result; FOLLETT, Ch. J., not sitting.

Judgment affirmed.