WILLIAM G. BATES, and Others, Respondents, v. UNITED LIFE INSURANCE ASSOCIATION, Appellant.

*Chambers and Special Term — motions, in New York city — motion for judgment on the pleadings — life insurance policy — unavailing defense to an action on.*

An irregularity in noticing for hearing at the Special Term at Chambers of the Supreme Court in New York city (where the justice sitting at Chambers also holds, in the same room, the Special Term for non enumerated motions) a motion for judgment on the pleadings, which should be noticed for and heard at the Special Term for non enumerated motions, does not vitiate a judgment entered on an order granted on such motion, when the motion was, as matter of fact, heard in the proper court.

In an action brought to recover on a life insurance policy which was, by its terms, made indisputable after payment of premiums for a certain period which had elapsed,

*Held*, that a defense, based upon statements in the application on which the policy was issued, was unavailing, and that judgment for the plaintiff on the pleadings was properly rendered on motion.

APPEAL by the defendant, the United Life Insurance Association, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 16th day of November, 1892, directing judgment for the plaintiffs on the pleadings, and from the judgment entered pursuant to such order on the 22d day of November, 1892.

The notice of motion for judgment was as follows:

"You will please take notice that on the pleadings in this action I shall move this court at a Special Term thereof, to be held at its Chambers in the county court house in the city and county of New York, on the 7th day of November, 1892, at eleven o'clock in the forenoon of that day, or as soon thereafter as counsel can be heard, for judgment as demanded in the complaint, or for such other and

further or different relief or order in the premises as may then to the court seem proper, with costs and the costs of this motion."

The order made on such motion was headed : "At a Special Term of the New York Supreme Court, held at the county court house in the city and county of New York on the 16th day of November, A. D., 1892."

The notice of appeal described the order appealed from as " the order made and entered in this cause on November 16, 1892, on the decision at Special Term, held in Chambers, Honorable GEORGE P. ANDREWS, justice, directing judgment upon the pleadings in favor of the plaintiffs and against the defendant on the non enumerated motion for such order made by said plaintiffs."

The action was brought to recover upon two certificates of membership or policies of life insurance, issued by the defendant to Levi M. Bates, deceased, and of which the plaintiffs were the beneficiaries. The policies contained the following provision : "And the said association (the defendant) does hereby further promise and agree that after two years from the date hereof, the only considerations that shall be binding upon the holder of this policy are that he shall pay the annual dues and assessments at the times and places, and in the manner hereinafter stipulated, and that the regulations of the association as to age, occupation and employments shall be observed, and that in all other respects, if this policy matures after the expiration of said two years, this policy shall be indisputable."

The complaint stated that the insured died more than two years after the date and delivery of the policy, and that he had paid all annual dues and assessments up to the time of his death.

The answer did not deny the allegations of the complaint, but set up as a defense, that certain material statements made by the insured in his application for insurance, warranted to be true and entering into the consideration on which the policy was issued, were in fact false, to the knowledge of the insured, and that knowledge of their falsity was not acquired by the defendant until after the death of the insured.

*H. Wilber,* for the appellant.

*W. I. Washburne,* for the respondents.

VAN BRUNT, P. J.:

An answer having been interposed in this action, the plaintiff, claiming that no defense whatever was set up by such answer, made a motion for judgment upon the pleadings at a Special Term of this court.

It is true that in the notice of motion the counsel falls into the error, so frequently committed in this district, of not distinguishing between the Judges' Chambers and the Special Term for the hearing of non enumerated motions, simply because the judge acting at Chambers also holds in the same room a Special Term for the hearing of non enumerated motions.

The motion was made at a Special Term, duly designated by the judges of this district to be held for the hearing of non enumerated motions, and it, therefore, was heard in the proper branch of the court.

The motion seems to have been unwittingly made under section 537 of the Code, which provides that if a demurrer, answer or reply is frivolous, the party prejudiced thereby, upon a previous notice to the adverse party of not less than five days, may apply to the court, or to a judge of the court, for judgment thereupon, and judgment may be given accordingly.

The motion in question was a motion upon the pleadings for judgment, manifestly upon the ground that the answer contained no defense, and was, therefore, frivolous, and this motion was granted.

The only difficulty in the disposition of this appeal is the length of the brief which has been submitted by the respondent, which would seem to indicate that he did not think the answer was frivolous, although it manifestly is. The defense set up by the answer seems to have been expressly held to be unavailing in the case of _Wright v. Mut. Benefit Life Ins. Assn._ (118 N. Y. 237), between which case and the one at bar we can see no distinction.

The judgment should, therefore, be affirmed, with costs.

O'BRIEN and FOLLETT, JJ., concurred.

Judgment affirmed, with costs.