MARTHA E. TEETER, Respondent, *v.* UNITED LIFE AND ACCIDENT INSURANCE ASSOCIATION, Appellant.

*Assessment payable "within thirty days from mailing" notice — "reinstatement" is a new contract — a provision as to the indisputability of the policy, after two years, applies to it.*

A stipulation in a policy of life insurance, that an assessment must be paid "within thirty days from the mailing" of the notice thereof, should not be construed to mean "within thirty days from the receipt" of the notice.

The acceptance of a "reinstatement" by a policyholder constitutes a renewal and continuance of the policy upon the faith of the statements, as to the condition of the insured, then made.

A provision in a policy by which it becomes indisputable after two years from its date is applicable to a "reinstatement," which after the lapse of two years cannot be attacked because of false representations in the statements made when it was granted.

APPEAL by the defendant, the United Life and Accident Insur-
ance Association, from a judgment of the Supreme Court in favor
of the plaintiff, entered in the office of the clerk of the county of
Tompkins on the 3d day of February, 1896, upon the verdict of a
jury rendered by direction of the court after a trial at a Trial Term
of the Supreme Court held in and for the county of Tompkins,
and also from an order entered in said clerk's office on the 3d day of
February, 1896, denying the defendant's motion for a new trial
made upon the minutes.

*Edmund T. Oldham*, for the appellant.

*Kellogg & Van Hoesen*, for the respondent.

PARKER, P. J.:

This action is brought to recover upon a policy of insurance issued
in April, 1887, upon the life of William V. Teeter, and payable to his
wife, the plaintiff herein. The policy contains the following provis-
ion : " And the said association does hereby further promise and agree
that after *two years* from the date hereof, the only considerations
that shall be binding upon the holder of this policy are that he shall
pay the annual dues and assessments at the times and places and in
the manner hereinafter stipulated, and that the regulations of the
association, as to occupation and employments, shall be observed,
and that in all other respects, if this policy matures after the expira-
tion of said two years, this policy shall be indisputable."

It also provided that it was issued upon the condition that all the
statements, etc., made in the application are in all respects true, and
that no fact had been suppressed relating to the age, health or cir-
cumstances of the applicant affecting the interests of said association
or its inducement to accept the risk.

It also provided that such statements were the basis on which the
contract was made, and were a part of it, and that the policy was
issued on the faith of them. It further provided as follows : " A
notice shall be sent announcing each assessment, and the number
thereof, to the last post office address given to the association by
each member ; and if the assessment is not received within thirty
days from the mailing of said notice, it shall be accepted and taken
as sufficient evidence that the party has decided to terminate his

connection with the association, which connection shall thereupon terminate, and the party's contract with the association shall lapse and be void; but for valid reasons (such as failure to receive notice of an assessment) the officers of the association may reinstate such party, after medical examination and approval, upon payment of assessment arrearages."

In the application and in the medical examiner's report was a statement, signed by the insured, whereby he *warranted* that the answers made to the several questions put therein were true.

On July 15, 1889, notice of an assessment was mailed at New York city, addressed to the insured at Ithaca, N. Y. On August fifteenth the insured mailed a check for such assessment, addressed to the defendant at New York city. The defendant thereupon wrote to the insured that he was in default in paying the assessment, and that, therefore, it could not accept the assessment unless he signed and remitted to it the certificate for reinstatement which was inclosed. On August 26, 1889, the insured signed and returned such certificate, which read as follows:

" I hereby certify, That I am in good health, and that I fully understand that I am reinstated in the United Life and Accident Insurance Association only upon condition that the above statement is true; and that the answers given and representations made in my application are substantially true and applicable to my present condition, except as to age.

" Dated at ITHACA this *26th day of Aug.*, 1889.

" W. V. TEETER (Signature)."

After that the policy was treated by both parties as in force until April 23, 1894, when the insured died from the effects of a cancer. During that time he had paid $225 of assessments, which were retained by the defendant.

The defendant resists a recovery in this action upon the ground that the statements made in the certificate of reinstatement were false, and were known to be so at the time they were made. Evidence tending to establish such claim, and from which the jury might have well found that it was a correct one, was given by the defendant at the trial. The trial court, however, on motion of plaintiff, directed a verdict for the plaintiff, and from the judgment

entered thereon, and from an order denying a new trial, the defendant takes this appeal.

The first question presented is, whether the insured was delinquent in paying his assessment of July 15, 1889. It is clear that he did not send it to the defendant within thirty days after the notice of assessment was mailed to him. According to the terms of the contract he was in default, and we see no reason why we should put a construction upon those terms that would work a plain and radical change in the agreement of the parties. The plain agreement is to pay within thirty days from the *mailing* of the notice; there is no ambiguity about it. It is not so unreasonable or liable to abuse as to indicate that they must have intended something other than they have expressed, and there is no warrant whatever for us to hold that by the expression " within thirty days from the mailing" they meant " within thirty days from the receipt" of the notice.

At the time that the certificate for reinstatement was signed, therefore, the policy had become void. No contract of insurance then existed between the parties. It is probably true that what is termed " conditional life " in *Dennis* v. *M. B. Assn.* (120 N. Y. 496, 504) may have then existed in the contract, and had the insured then tendered to the defendant a " valid reason " for his default he might lawfully have insisted on its continuance; but he made no such claim and tendered no excuse. He accepted as correct the defendant's claim that the contract was at an end, and voluntarily signed the certificate which, in effect, was another application that his contract be revived and continued. The reinstatement, therefore, in effect, was a renewal and continuation of the policy upon the faith of statements then made.

On the trial the plaintiff claimed that one of the provisions of the contract on which the action was brought was, that, after the lapse of two years, it should be " indisputable," except for non-payment of assessments and dues, and for a violation of the rules as to occupation and employments; and that the defendant was, therefore, by its very terms, barred from setting up any act of the insured affecting it, other than the exceptions above specified. The trial court was of the opinion that the two years' limitation contained in the policy did not apply to the defense that the reinstate-

ment had been procured by the fraud of the insured, but it held that to avail itself of such defense the defendant should have set it up in its answer, and should also in such answer have offered to restore the assessments which it had since received. The defendant thereupon offered to restore the amount so received, and to amend its answer so as to meet such objections. The motion was, however, denied and a verdict directed for the plaintiff.

If the plaintiff was right in the claim that, after the lapse of two years, the defendant could not plead the fraud of the insured as a defense to the policy, the verdict directed by the court was correct. And that is the question now presented.

If there had been no renewal of the policy; if the statements made in the original application had been false, and fraudulently made by the applicant, and the defendant had sought upon this trial to avoid the policy and to have it surrendered and canceled on that account, the two years' limitation would have been a bar to such a defense. The case of *Wright* v. *M. B. L. Assn.* (118 N. Y. 237) is authority to that effect. Is there any reason why the same rule does not apply when the policy is sought to be avoided because of fraud on the part of the insured in procuring it to be *renewed?* In both instances the policy is the only contract, and in both it is procured by the fraudulent representations of the applicant. In each instance the contract which the parties make contains the same provision as to its becoming indisputable after the lapse of two years, and all the reasons why it should be held to bar a defense that it was procured by fraud seem to be as applicable to the one case as the other. It is as probable that the deceased was induced to agree to the reinstatement and to continue paying the assessments up to the time of his death, by this provision of the contract, as that he was induced to originally enter into the contract on account of it. There seems to be no substantial difference between the two cases. In each instance the defendant has contracted with the insured that after the lapse of two years no defense will be made to the policy on account of any fraud in procuring it. We conclude, therefore, that the defendant was precluded by this provision of the contract from interposing the defense which it sought to establish, and that a verdict was properly directed for the plaintiff.

In this view of the case it becomes unnecessary to examine the other questions raised by the proceedings upon the trial.

The judgment and order appealed from are affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.