TEETER v. UNITED LIFE & ACCIDENT INS. ASS'N.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

1. INSURANCE—CONSTRUCTION OF POLICY—TIME FOR PAYING ASSESSMENTS.
   A provision in a policy of life insurance that it should lapse on a failure to pay an assessment within 30 days after mailing of the notice of such assessment does not mean within 30 days after receipt of the notice by the insured.

2. SAME—INCONTESTABLE POLICY—REPRESENTATIONS TO PROCURE REINSTATEMENT.
   Where a contract of life insurance makes the statements in the application of the insured warranties, but the policy contains a provision that it shall be indisputable after two years if the holder pays the dues and assessments and observes the regulations as to occupation and employment, such provision applies to representations required and made in a certificate for reinstatement after a lapse by reason of delay in payment of an assessment, and after two years the falsity of statements made in such certificate cannot be pleaded in defense to an action on the policy.

Appeal from circuit court, Tompkins county.

Action by Martha E. Teeter against the United Life & Accident Insurance Association to recover on a policy of insurance. From a judgment for plaintiff, entered on a verdict returned by direction of the court, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Harry Wilber (Edmund T. Oldham, of counsel), for appellant.
Kellogg & Van Hoesen, for respondent.

PARKER, P. J. This action is brought to recover upon a policy of insurance issued upon the life of William V. Teeter, and payable to his wife, the plaintiff herein. The policy contains the following provision:

"And the said association does hereby further promise and agree that after two years from the date hereof the only considerations that shall be binding upon the holder of this policy are that he shall pay the annual dues and assessments at the times and places and in the manner hereinafter stipulated, and that the regulations of the association as to occupation and employments shall be observed; and that in all other respects, if this policy matures after the expiration of said two years, this policy shall be indisputable."

It also provided that it was issued upon the condition that all the statements, etc., made in the application are in all respects true, and that no fact had been suppressed, relating to his age, health, or circumstances, affecting the interests of said association, or its inducement to accept the risk. It also provided that such statements were the basis on which the contract was made, and were a part of it, and that the policy was issued on the faith of them. It further provided as follows:

"A notice shall be sent announcing each assessment, and the number thereof, to the last post-office address given to the association by each member; and, if the assessment is not received within thirty days from the mailing of said notice, it shall be accepted and taken as sufficient evidence that the party has decided to terminate his connection with the association, which connection shall thereupon terminate, and the party's contract with the association shall lapse, and be void; but for valid reasons (such as failure to receive notice of an assessment) the officers of the association may reinstate such party, after medical examination and approval, upon payment of assessment arrearages."

In the application and in the medical examiner's report was a statement, signed by the insured, whereby he warranted that the answers made to the several questions put therein were true. On July 15, 1889, notice of an assessment was mailed at New York City, addressed to the insured at Ithaca, N. Y. On August 15th the insured mailed a check for such assessment, addressed to the defendant at New York City. The defendant thereupon wrote to the insured that he was in default in paying the assessment, and that, therefore, it could not accept the assessment, unless he signed and remitted to it the certificate for reinstatement which was inclosed. On August 26, 1889, the insured signed and returned such certificate, which read as follows:

"I hereby certify that I am in good health, and that I fully understand that I am reinstated in the United Life & Accident Insurance Association only upon condition that the above statement is true; and that the answers given and representations made in my application are substantially true, and applicable to my present condition, except as to age. Dated at Ithaca, this 26th day of Aug., 1889. W. V. Teeter. [Signature.]"

After that the policy was treated by both parties as in force, until April 23, 1894, when the insured died from the effects of a cancer. During that time he had paid $225 of assessments, which were retained by the defendant. The defendant resists a recovery in this action upon the ground that the statements made in the certificate of reinstatement were false, and were known to be so at the time they were made. Evidence tending to establish such claim, and from which the jury might have well found that it was a correct one, was given by the defendant at the trial. The trial court, however, on motion of plaintiff, directed a verdict for the plaintiff, and from the judgment entered thereon, and from an order denying a new trial, the defendant takes this appeal.

The first question presented is whether the insured was delinquent in paying his assessment of July 15, 1889. It is clear that he did not send it to the defendant within 30 days after the notice of assessment was mailed to him. According to the terms of the contract, he was in default, and we see no reason why we should put a construction upon those terms that would work a plain and radical change in the agreement of the parties. The plain agreement is to pay within 30 days from the mailing of the notice. There is no ambiguity about it. It is not so unreasonable or liable to abuse as to indicate that they must have intended something other than they have expressed, and there is no warrant whatever for us to hold that by the expression "within thirty days from the mailing" they meant "within thirty days from the receipt" of the notice. At the time that the certificate for reinstatement was signed, therefore, the policy had become void. No contract of insurance then existed between the parties. It is probably true that what is termed "conditional life" in Dennis v. Association, 120 N. Y. 496, 504, 24 N. E. 843, may have then existed in the contract, and, had the insured then tendered to the defendant a "valid reason" for his default, he might lawfully have insisted on its continuance. But he made no such claim and tendered no excuse. He accepted as correct the defendant's claim that the contract was at an end, and voluntarily signed the certificate, which, in effect, was another application that his contract be revived and continued. The reinstatement, therefore, in effect was a renewal and continuation of the policy upon the faith of statements then made.

On the trial the plaintiff claimed that one of the provisions of the contract on which the action was brought was that, after the lapse of two years, it should be "indisputable," except for nonpayment of assessments and dues, and for a violation of the rules as to occupation and employments; and that the defendant was, therefore, by its very terms, barred from setting up any act of the insured affecting it, other than the exceptions above specified. The trial court was of the opinion that the two-years limitation contained in the policy did not apply to the defense that the reinstatement had been procured by the fraud of the insured, but it held that, to avail itself of such defense, the defendant should have set it up in its answer, and should also in such answer have offered to restore the assessments which it had since received. The defendant thereupon offered to restore the amount so received, and to amend its answer so as to meet such objections. The motion was, however, denied, and a verdict directed for the plaintiff. If the plaintiff was right in the claim that, after the lapse of two years, the defendant could not plead the fraud of the insured as a defense to the policy, the verdict directed by the court was correct. And that is the question now presented. If there had been no renewal of the policy; if the statements made in the original application had been false, and fraudulently made by the applicant, and the defendant had sought upon this trial to avoid the policy, and to have it surrendered and canceled on that account,—the two-years limitation would have been a bar to such a defense. The case of Wright

v. Association, 118 N. Y. 237, 23 N. E. 186, is authority to that effect. Is there any reason why the same rule does not apply when the policy is sought to be avoided because of fraud on the part of the insured in procuring it to be renewed? In both instances the policy is the only contract, and in both it is procured by the fraudulent representations of the applicant. In each instance the contract which the parties make contains the same provision as to its becoming indisputable after the lapse of two years, and all the reasons why it should be held to bar a defense that it was procured by fraud seem to be as applicable to the one case as the other. It is as probable that the deceased was induced to agree to the reinstatement, and to continue paying the assessments up to the time of his death, by this provision of the contract, as that he was induced to originally enter into the contract on account of it. There seems to be no substantial difference between the two cases. In each instance the defendant has contracted with the insured that after the lapse of two years no defense will be made to the policy on account of any fraud in procuring it. We conclude, therefore, that the defendant was precluded by this provision of the contract from interposing the defense which it sought to establish, and that a verdict was properly directed for the plaintiff. In this view of the case it becomes unnecessary to examine the other questions raised by the proceedings upon the trial.

The judgment and order appealed from are affirmed, with costs. All concur.