SOPHIA E. VETTER, as Administratrix, etc., of FREDERICK VETTER, Deceased, Plaintiff, *v.* MASSACHUSETTS NATIONAL LIFE ASSOCIATION, Defendant.

*Insurance — under a policy which is, by its terms, incontestable after the death of the insured, the insurer cannot thereafter prove a breach of warranty — words "except as therein set forth," construed.*

Where a policy of life insurance is issued on an application copied into, and forming part of, the policy, providing, as stated therein, "that if the necessary payments be made to keep said policy in force, it shall, in the event of my death, be incontestable for the sum payable thereunder, except as therein set forth," the company cannot, after the death of the insured, disclaim liability upon the ground that the insured made false representations in his application, in respect to former applications made by him for insurance on his life.

The words in the clause "except as therein set forth," refer to the promissory warranties and stipulations contained in the policy and application, as distinguished from the affirmative warranties which relate to facts asserted to be in existence at the date of the policy.

MOTION by the defendant, the Massachusetts National Life Association, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance, upon the verdict of a jury in favor of the plaintiff for $1,068, rendered by direction of the court after a trial at the Monroe Trial Term.

*Porter M. French,* for the plaintiff.

*John A. Barhite,* for the defendant.

FOLLETT, J. :

This action was begun August 11, 1897, to recover on a policy of life insurance dated February 14, 1896, by which the defendant insured the life of Frederick Vetter for $1,000, payable to his executors, administrators or assigns. The policy was issued on an application dated February 13, 1896, and signed by Frederick Vetter, which was copied into and forms part of the policy, and contains this provision : "Provided always that, if the necessary payments be made to keep said policy in force, it shall, in the event of my death, be incontestable for the sum payable thereunder except as therein set forth."

September 11, 1896, Frederick Vetter died. September 16, 1896, letters of administration were duly issued on his estate to the plaintiff, and on the nineteenth of the same month due proof of his death was verified, delivered to, received and retained by the defendant without objection to its sufficiency.

On the trial the defendant offered to prove but one defense, that the insured made false representations in his application in respect to former applications by him made for insurance on his life.

The application signed by the insured contains the following statement:

"8th. That I have never made application for insurance on my life to any company, association or society, upon which application no policy was or has yet been issued to or received by me for the full amount and kind, and at the rate applied for, and that no physician has ever given an unfavorable opinion upon my life with reference to life insurance, except as here stated."

The application also contains the following provision: "I hereby agree and bind myself as follows: That the truthfulness of the statements above made or contained, by whomsoever written, are material to the risk, and are the sole basis of the contract with the said association."

The defendant offered to prove that in 1879 Frederick Vetter applied to an agent of the Mutual Life Insurance Company for insurance on his life; was examined by the medical examiner of that company in the city of Rochester, who made an unfavorable report, and that the application was rejected and no policy was issued. This offer was objected to on the ground that, by the terms of the policy, it became incontestable upon the death of the insured. The objection was sustained, and the defendant excepted. This exception presents the only question raised on this motion.

In *Wright* v. *Mutual Benefit Life Association* (43 Hun, 61; affd., 118 N. Y. 231) the policy contained a provision that no question as to its validity should be raised unless raised within two years after the date thereof and during the life of the insured. The application in the case cited, which was made a part of the policy, provided that in case any misrepresentation, fraudulent or untrue answers should be made, or any facts be suppressed, the policy should

be null and void. The insured died more than two years after the date of the policy. Upon the trial the defendant offered to show that the insured, at the date of the policy, was afflicted with various diseases which were well known to him, and which he stated in his application that he did not have. This evidence was excluded and a verdict directed for the plaintiff, upon which a judgment was entered and was affirmed as above stated. The question as to the validity of a condition that a policy should be incontestable for fraud on the part of the insured was discussed in the General Term and in the Court of Appeals, and there is no occasion for repeating those arguments.

In *Teeter* v. *United Life & Accident Insurance Association* (11 App. Div. 259) the policy provided that it should be indisputable after two years from its date. The application in that case stated that all the representations and statements therein contained were true, and that the policy was issued on the faith of them. In the application the usual statements were made, and it was shown that on the 26th of July, 1889, the policy had lapsed, and that, for the purpose of procuring a reinstatement, the insured stated, in writing, that he was in good health. More than four years after the reinstatement the insured died. The defendant answered and alleged that the insured was not in good health when he made his application for reinstatement, and that the policy was void. It was held that the stipulation in regard to the incontestability of the policy applied to the contract of reinstatement, and that the defendant was barred from showing that the statement made in his application for reinstatement was fraudulent.

These cases are decisive of the case at bar, unless it can be distinguished from them, which the learned counsel for the defendant attempts to to by asserting that the words " except as therein set forth," in the clause relating to the incontestability of the policy, takes it out of the authorities cited. I am unable so to construe these words. These words evidently refer to the promissory warranties and stipulations contained in the policy and application, as distinguished from the affirmative warranties which relate to facts asserted to be in existence at the date of the policy. The promissory covenants in the case at bar are that the insured shall pay annually forty dollars and four cents on the anniversary of the policy

PEOPLE ex rel. WEST SHORE R. R. CO. *v.* JOHNSON. 75

App. Div.]    Fourth Department, May Term, 1898.

and such other payments as are provided for on the second page of the application. In case these promissory stipulations were performed by the insured, the insurer engaged to pay the sum insured on receiving due proof of the death of the insured, notwithstanding the untruthfulness of the affirmative warranties. The true intent and meaning of the contract is that in case the insured, after the policy is issued, performs all his promissory engagements, it shall be incontestable after the death of the insured by reason of the falsity of the affirmative warranties and representations. Under this form of policy the insurer is permitted to investigate, during the life of the insured, the truth or falsity of the affirmative statements, and, if material ones are found to be untrue, may maintain an action to annul the policy, but in case this is neglected until the insured is dead and cannot explain, no defense can be maintained on the ground that the affirmative warranties or representations were untrue.

Defendant's motion for a new trial should be denied, and judgment ordered on the verdict, with costs.

All concurred.

Defendant's motion for a new trial denied, and judgment ordered on the verdict for the plaintiff, with costs.