LOUISE C. CHINERY, as Administratrix of the Goods, Chattels and Credits of WILLIAM E. CHINERY, Deceased, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

(Supreme Court, Appellate Term, Second Department, May, 1920.)

Insurance (industrial) — provisions of policy of — incontestability clause — appeal.

> An incontestability clause in an industrial insurance policy estops the company from asserting that the policy never had validity because of the failure of some condition precedent.

> About eighteen months after such a policy had been issued by defendant to plaintiff's intestate he died. The proofs filed stated that the cause of death was general paralysis, which had existed for three years, and that the contributory cause of death was syphilis, which had existed for nineteen years. *Held,* that the incontestability clause covered all grounds for contest not specifically excepted therein, and a judgment in plaintiff's favor will be affirmed notwithstanding a provision of the policy that "No obligation is assumed by the Company prior to the date hereof nor unless on said date the insured is alive and in sound health."

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Richmond, second district, entered in favor of the plaintiff after a trial before the court without a jury.

Parker, Marshall & Randall (C. Walter Randall, of counsel), for appellant.

Joseph B. Handy, for respondent.

CROPSEY, J. This is an action upon an industrial insurance policy. The only point involved depends upon the meaning and effect of two provisions in the policy. One of these is: " No obligation is assumed

by the Company prior to the date hereof nor unless on said date the insured is alive and in sound health." The other is: " This policy shall be incontestable after one year from the date of its issue except for fraud or misstatement of age."

On September 28, 1916, the deceased applied for this insurance. On October 1, 1916, he was examined by the defendant's physician. On October 9, 1916, the policy was issued. The deceased died June 30, 1918. In the proofs of death filed with the defendant it is stated that the cause of death was general paralysis, which had existed for three years, and that the contributory cause of death was syphilis, which had existed for nineteen years.

The defendant claims that the policy never was in force because the insured was not in sound health at the time it was issued and that that was a condition precedent to its validity and that the incontestability clause applies only to a policy which has been in force.

Where a policy contains the provisions referred to and the company has had a medical examination prior to accepting the risk the provision that the insured must be in sound health upon the date of the policy merely means that he has not become ill between the time of making his application and the time of the issuance of the policy. It " has no application to such chronic disease as the insured may have had at the time of his application and medical examination." *Webster* v. *Columbian Nat. Life Ins. Co.*, 131 App. Div. 837, 842. Quoting again from the same case (at p. 843) : " All that the clause respecting good health at the time of payment of the first premium can mean, in view of the other clause (incontestability) which immediately follows, is that intervening the time between acceptance of the risk and agreement to issue the policy and the

time when the first premium is paid and the policy delivered the applicant shall not have been stricken with some new disease which impairs his health. Any other interpretation would render the incontestability clause absolutely meaningless and a mere snare to delude the insurer into the taking of a policy which appeared incontestable but which in fact was not.'' In the case at bar the defendant had a medical examination before it issued the policy, and there was no proof offered of any change in the condition of the insured's health between the time of that examination and the issuance of the policy. And the above rule has been applied to contracts that did not contain an incontestability clause. *Johnson* v. *Royal Neighbors,* 253 Ill. 570, 576; *Western & Southern Life Ins. Co.* v. *Davis,* 141 Ky. 358, 360; *Modern Woodmen of America* v. *Atkinson,* 153 id. 527. And this condition (sound health at time of issuance of policy) may be waived by the delivery of the policy and the acceptance of the premium by the company's agent with knowledge of insured's illness. *McClelland* v. *Mutual Life Ins. Co.,* 217 N. Y. 336.

A clause providing that a policy shall be incontestable prevents the company from asserting the defense of fraud or misrepresentations unless they are expressly excepted. *Wright* v. *Mutual Benefit Assn.,* 43 Hun, 61; affd., 118 N. Y. 237; *Bates* v. *United Life Ins. Assn.,* 68 Hun, 144; affd., 142 N. Y. 677; *Vetter* v. *Massachusetts Nat. Life Assn.,* 29 App. Div., 72. The defendant does not dispute this, but claims that an incontestability clause does not prevent the company from asserting that the policy never had validity because of the failure of some condition precedent. But is there any difference between the two situations? The incontestability clause is placed in contracts to induce people to take them and so to increase the

company's business.   It is an attraction to people who contemplate taking insurance.   Under the Insurance. Law (§ 101, subd. 2) every policy, except those of industrial insurance, must contain a provision making it incontestable after two years from its date except for non-payment of premiums and for violation of the conditions of the policy relating to military or naval service in time of war.   While this clause was not required to be in this contract, because it was of the industrial form, still the company saw fit to put it there in furtherance of its business.   To the person seeking insurance it was an assurance that after the time stated the policy could not be attacked except for the reasons specifically stated, and that the beneficiary would receive the amount of it without any contest.   It was in fact equivalent to saying the company could not dispute the validity of the policy for any other reason. There was no exception in this clause in question that the policy would be liable to attack upon the ground that any condition precedent had not been fulfilled.   It was a virtual guarantee that the company would pay the amount of the policy.   And the insured had the right to believe he was securing just what was represented.   To permit the company to claim, after the lapse of the time specified in the incontestability clause, that the policy could be contested because the insured was not in good health when it was delivered would be to work a fraud upon the insured and his beneficiary.   This will not be permitted.   The incontestability clause must be held to mean what it says and so to prevent any attack upon the validity of the policy because of the non-performance of a condition precedent as well as for every other reason except those expressly excluded.   And the authorities so hold. *Teeter* v. *United Life & Accident Ins. Assn.,* 11 App. Div. 259; affd., 159 N. Y. 411; *Mutual Reserve Fund*

*Life Assn.* v. *Austin,* 142 Fed. Repr. 398; *Great Western Life Ins. Co.* v. *Snavely,* 206 id. 20; *Healy* v. *Metropolitan Life Ins. Co.,* 37 App. D. C. 240, 245. In *Mutual Reserve Fund Life Assn.* v. *Austin, supra,* the court said (p. 400) : " The mere concession of this point by counsel does not relieve us from the difficulty of finding a sound legal basis for a construction which would make the so-called ' incontestable clause ' cut out the defense of breaches of conditions precedent created by clauses of warranty, and let in the defense of a breach of a condition precedent created by the clause concerning delivery in good health. They must both stand upon the same ground." And again (p. 401) : " The term ' incontestable ' is of great breadth. It is the ' policy ' which is to be incontestable. We think the language broad enough to cover all grounds for contest not specially excepted in that clause."

The only case which defendant claims is to the contrary is *New York Life Ins. Co.* v. *Manning,* 124 N. Y. Supp. 775; affd., 156 App. Div. 818; 213 N. Y. 665. That was an action in equity to cancel a policy begun by the insurance company in the lifetime of the insured. There was a provision making the policy incontestable from its date. This was wholly inconsistent with another provision in the policy that it should not become effective until the first premium was paid. The incontestability clause manifestly was not intended to exclude a defense based upon a failure to pay the premium and so the court held that the company was entitled to the relief sought. Furthermore, a clause making a policy incontestable from date might be void as against public policy if it could be held to exclude proof of fraud, but not so if it was to be incontestable after a stated time, not unreasonably short. *Reagan*

v. *Union Mutual Life Ins. Co.,* 189 Mass. 555; *People* v. *Alexander,* 183 App. Div. 868, 876.

The judgment should be affirmed, with costs.

CLARK and KELBY, JJ., concur.

Judgment affirmed, with costs.