22 Thompson] DECEMBER TERM, 1923. 667

Thistle v. Eq. Life Assur. Soc. of U. S.

ARCHIBALD THISTLE *et al. v.* EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.*

(*Nashville.* December Term, 1923.)

1. **INSURANCE.** Life policy not rescined by company's notice and tender.

Insurance company's written notice of intention to cancel a life policy for fraud and a tender back of premium paid constituted a breach of renunciation by insurer, but did not constitute a rescission. (*Post, pp.* 668, 669.)

Case cited and approved: American Trust Co. v. Insurance Co., 173 N. C., 558.

Case cited and distinguished: Humpton v. State Mutual Life Assur. Co., 256 S. W., 440.

2. **INSURANCE.** Action within a year necessary to cancel incontestable policy.

To rescind a life policy incontestable after one year insurer should institute an action for cancellation within the year. (*Post, pp.* 669-671.)

Case cited and approved: Clement v. Insurance Co., 101 Tenn., 26; Mutual Life Ins. Co. of N. Y. v. Buford, 61 Okla., 158; Monahan v. Ins. Co., 283 Ill., 136; Ebner v. Ins. Co., 69 Ind. App., 32; Wright v. Mutual Benefit Ass'n, 118 N. Y., 237.

Case cited and distinguished: Ault v. Dustin, 100 Tenn., 366.

3. **INSURANCE.** Incontestability clause of one year held not void because conflicting with statute.

*On incontestability of life insurance under the provisions of the policy or of a statute, see note in 42 L. R. A., 247.

On date from which the period to which a defense is limited in life insurance policy is to be computed, see notes in L. R. A., 1915F, 703; L. R. A., 1917B, 105.

Proviso that a life policy should be incontestable after one year from issue was not void because conflicting with the two-year limitation prescribed by Shannons Code, section 3348a8; such limitation being for benefit of insured, and insurer having right to restrict limitation to shorter period. (*Post, pp.* 671, 672.)

Case cited and approved: Ramsey v. Old Colony Life Ins. Co., 297 Ill., 592.

Code cited and construed: Sec. 3348a8 (S.).

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County.— HON. W. B. GARVIN, Chancellor.

JOE V. WILLIAMS, for appellant.

SAMUEL B. SMITH, for appellees.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a suit on a $10,000 life policy, which contains the following provision:

"This policy shall be incontestable after one year from its date of issue, provided premiums have been duly paid, subject to the provisions as to age stated on the third page hereof."

The defendant contends that the policy was issued September 7, 1921, and that it rescinded the policy, or took affirmative action to rescind it, on August 29, 1922, by giving notice, in writing, of its intention to cancel for fraud, and by tendering back the premium paid.

Suit was begun by complainant on September 9, 1922,

and the cross-bill, by which the defendant sought a cancellation, was filed October 16, 1922, more than 13 months after the policy was issued.

This question was decided by this court adversely to the contention of the defendant in the case of *Humpston* v. *State Mutual Life Assur. Co.*, 256 S. W., 440, in which it was said:

"As we view the case, only three questions need be determined, and, if determined in favor of the judgment of the court of civil appeals, they are conclusive of the case. The first is, Did defendant's letter of January 30, 1920, in which it denied the justice of plaintiff's claim, and refused to pay the same, amount to a rescission of the policies? . . .

"There is no merit in the first contention of defendant that its letter of January 30, 1920, had the effect of rescinding the policies. There was no evidence offered which tended to show that plaintiff consented to a rescission of the policies. His consent was necessary to accomplish such a result. On this point no authorities need be cited."

The only difference between that case and the one under consideration is that in the former the premium was not tendered back; but that would not affect the legal question involved. The notice of cancellation and a tender of the premium constituted a breach on the part of the defendant, usually designated as a breach of renunciation. *American Trust Co.* v. *Insurance Co.*, 173 N. C., 558, 92 S. E., 706; 3 Page on Contracts, section 1436. It did not, in fact, constitute a rescission. Under many of the authorities it was necessary to tender back the premium as a condition precedent to the institution of an action to rescind.

The remedy of the defendant was to institute an action for cancellation within a year, and if it did not do so the policy was in force at the expiration of the year.

In disposing of this question the learned chancellor, in his opinion, said:

"It takes two to make a contract and likewise it takes two to rescind one (*Ault* v. *Dustin,* 100 Tenn., 366, 45 S. W., 981), or the judgment of a court of competition jurisdiction at the instance of the party having a good ground for rescission. It is true that the defendant undertook to rescind the contract in this case upon the ground of complainant's fraud in procuring it, on August 29, 1922, by delivering to complainant on that date a written notice to that effect and demanding the surrender of the policy. But complainant refused to agree to the rescission and refused to surrender the policy. The contract was therefore not rescinded merely by the act of the defendant in giving said notice. It was open to the defendant thereafter to repent of its act and treat the policy as in full force and effect, or it might elect to have its right to rescind tested and enforced by a court, either by itself instituting a suit for that purpose or by interposing it as a defense if sued. In my opinion it takes the one or the other of these steps to constitute a contest of the policy within the meaning of the statute and the contractual limitation found in the policy. In the instant case this was not done until the answer and cross-bill was filed on October 16, 1922, which was after the one year had elapsed in any view of the date of issue of the policy."

The principle thus announced finds support in the following cases: *Humpston* v. *State Mutual Life Assur. Co.,* supra; *Clement* v. *Insurance Co.,* 101 Tenn., 26, 46 S. W.,

561, 42 L. R. A., 247, 70 Am. St. Rep., 650; *American Trust Co.* v. *Insurance Co.*, supra; *Mutual Life Insurance Company of New York* v. *Buford*, 61 Okl. 158, 160 Pac., 928; *Monahan* v. *Insurance Co.*, 283 Ill., 136, 119 N. E., 68, L. R. A., 1918D, 1196; *Ebner* v. *Insurance Co.*, 69 Ind. App., 32, 121 N. E., 315; *Wright* v. *Mutual Benefit Ass'n*, 118 N. Y., 237, 23 N. E., 186, 6 L. R. A., 731, 16 Am. St. Rep., 749.

It is also insisted that the one-year clause in the policy is not binding because in conflict with section 3348a8 of Shannon's Code, which is as follows:

"No policy of life insurance shall be issued in this State or be issued by a life insurance company organized under the laws of this State unless the same shall contain the following provisions: . . .

"3. A provision that the policy shall constitute the entire contract between the parties, and shall be incontestable after two years from its date, except for nonpayment of premiums and except for violations of the conditions of the policy relating to naval and military services in time of war."

The purpose of the above statute was to prevent the issuing of a life policy that could be contested after two years. In other words, the legislature entertained the view that two years was a reasonable time for the insurer to ascertain whether the policy had been obtained by fraud or for other reason justifying a contest as to its validity. The defendant had a right to insert such a limitation in its policy, but it had an equal right to restrict the limitation to a shorter period, which it did. The insured was not affected adversely thereby; in fact, such

restriction was favorable to him, and the defendant cannot be heard to complain.

In Illinois a statute in the exact words of the one above set forth was before the court in which the policy contained a one-year contestable clause, and in which the same question was made which we are now considering, and the court held adversely to the contention which the defendant is here making. *Ramsey* v. *Old Colony Life Insurance Co.*, 297 Ill., 592, 131 N. E., 108.

Upon the whole, we find no error in the decree of the chancellor, and it will be affirmed, with costs.