JOSEPHINE FISHEL, Plaintiff, *v.* THE UNION CENTRAL LIFE INSURANCE COMPANY, Defendant.

City Court of New York, New York County, December 25, 1933.

*Heckler, Frank & Steckler*, for the plaintiff.

*House, Grossman & Vorhaus*, for the defendant.

SCHIMMEL, J.   This is an action to recover total and permanent disability benefits under the provisions of two life insurance policies, one written in October, 1921, the other in May, 1925.

Both policies contain the standard incontestability clause required by law to be made a part of all life and endowment policies, to the effect that the policy be incontestable after two years from the date of issue except for non-payment of premiums or for violation of its provisions relating to military and naval service in time of war.   (Insurance Law, § 101, subd. 2.)

In 1921, when the first policy was written, the statute in question provided simply that each life or endowment policy should contain a clause in substance as hereinabove set forth.   Thereafter, but before the issuance of the second policy in 1925, the section of the Insurance Law referred to was amended so that " at the option of the company provisions relative to benefits in the event of total and permanent disability  *  *  *  may also be excepted " from the operation of the incontestability clause contained in life and endowment policies (Laws of 1923, chap. 28).   Notwithstanding the option thus afforded it by law at the time it wrote the second policy, the defendant insurance company did not avail itself thereof.

Although neither of the policies in suit were contested within two years from the respective dates of their issue, the insurer now defends on the ground of fraud, and contends that the standard incontestability clause found in both of these policies should not be applied to the total and permanent disability provisions thereof.

Defendant's position is untenable.   The incontestability clause in each policy is by its express terms applicable to the policy as a whole and no valid reason appears for differentiating, in respect to that clause, between the death benefit and the disability benefit

provisions of the policy. Indeed, if the incontestability clause in a life insurance policy does not in any event relate to the provisions therein for total and permanent disability payments, then the 1923 amendment of the Insurance Law, section 101, subdivision 2, giving the insurer the option of exempting these provisions from the operation of the incontestability clause, was wholly unnecessary and is entirely meaningless.

Defendant argues that a stipulation in an ordinary agreement that it be incontestable for fraud is contrary to public policy and unenforcible. *But* a stipulation in a contract providing for a reasonable limitation of time within which it may be contested for fraud, is not, even in the absence of a statute, contrary to public policy. In *Wright* v. *Mutual Benefit Life Assn. of America* (118 N. Y. 237, at p. 243) it was said of an incontestability agreement similar to those under consideration here: " It is not a stipulation absolute to waive all defenses and to condone fraud. On the contrary, it recognizes fraud and all other defenses, but it provides ample time and opportunity within which they may be, but beyond which they may not be, established. It is in the nature of and serves a similar purpose as statutes of limitation and repose, the wisdom of which is apparent to all reasonable minds."

There is certainly no reason to be found, either in public policy or elsewhere, why effect should not be given to a stipulation of the parties fixing a reasonable limitation of time for the contestability of an agreement; this applies to any form of insurance.

The motion, under rule 109 of the Rules of Civil Practice, is granted; paragraphs " seventh " to " thirteenth," inclusive, and paragraphs " twenty-first " to " twenty-seventh," inclusive, are hereby stricken from the answer to the amended complaint.

Order signed.