New England Mutual Life Insurance Company, Respondent, v Ralph A. Caruso, Appellant.

Fourth Department, January 29, 1988

#### APPEARANCES OF COUNSEL

*Edwin Robert Schulman* for appellant.

*Nixon, Hargrave, Devans & Doyle (David Hoffberg* of counsel), for respondent.

#### OPINION OF THE COURT

Pine, J.

The issue before us in this declaratory judgment action is whether the lack of an insurable interest can be raised by an insurer to void a life insurance policy after the period of contestability has run. We conclude that it cannot, under the authority of *Wright v Mutual Benefit Life Assn.* (118 NY 237) and *Columbian Natl. Life Ins. Co. v Hirsch* (242 App Div 633, *affd* 267 NY 605, *rearg denied* 268 NY 546).

On August 17, 1984, defendant, Ralph A. Caruso, obtained from plaintiff insurer a renewable term life insurance policy

for one million dollars, with an additional accidental death benefit of $100,000 on the life of Dean Salerno. Defendant was the owner and sole beneficiary. The insurance company records indicate that Caruso and Salerno planned to start a franchise of retail fast food outlets. Caruso was to finance the operation by pledging the assets of an $850,000 trust as collateral security for a loan, and wanted to obtain the life insurance policy on Salerno prior to committing the trust assets. Salerno was to run the business.

No loan was ever obtained. On December 6, 1986, Dean Salerno's body was found in his car, at the bottom of the Barge Canal in Pittsford. On or about December 11, 1986, defendant requested payment of the death benefits under the policy. On March 25, 1987, plaintiff disclaimed coverage and tendered the insurance premiums defendant had paid. Defendant refused to accept the premiums. Plaintiff commenced an action seeking a declaration that the policy was void *ab initio,* since defendant did not have a substantial economic interest in Salerno's life, and that the insurer's sole obligation was to return the premiums paid by defendant.

Special Term denied defendant's motion to dismiss the complaint on the ground that "[t]he New York public policy which requires that a beneficiary have an insurable interest in the life of the insured is not eliminated or superseded by operation of an incontestable clause in a life insurance policy, nor by estoppel, waiver or statute of limitations." Special Term held that *Wright* and *Hirsch (supra)* were factually distinguishable and not controlling. This was error.

*Wright (supra),* an action to collect on a life insurance policy, involved an appeal from trial rulings which excluded evidence of fraudulent misrepresentation and lack of insurable interest because these defenses were barred by passage of a two-year contestable period. The Court of Appeals discussion affirming the judgment focused mainly on the fraud defense but it is clear that the trial court's ruling barring proof of lack of insurable interest was approved *(Wright v Mutual Benefit Life Assn., supra,* at 241).

*Hirsch (supra)* involved an attempt by an insurer to rescind a life and disability insurance policy on the ground that the insured, who was afflicted with chronic lead poisoning, had agreed with unknown persons lacking an insurable interest in his life to pay the premiums with the understanding that they would receive all or part of the disability payments. The

complaint also alleged that false representations had been made concerning defendant's health. The Court of Appeals affirmed without opinion a 3 to 2 holding by the Appellate Division (242 App Div 633, *supra*) that a one-year incontestable period in the policy barred plaintiff's complaint, citing *Wright (supra)* and *Teeter v United Life Ins. Assn.* (159 NY 411).

Plaintiff attempts on appeal to show that *Wright* and *Hirsch (supra)* have been superseded by statute or are distinguishable on their facts. Both attempts fail. Insurance Law § 3205 (a) (1) (B) and (b) (2), enacted after *Wright* and *Hirsch,* go beyond previous New York statutory law, but nothing therein is inconsistent with those cases. Plaintiff argues that *Wright* is distinguishable on its facts because the original beneficiary in fact had an insurable interest. With respect to *Hirsch,* plaintiff argues that the claim involved disability insurance rather than life insurance so that the public policy involved was less significant, and that since the insured applied for the policy he had an insurable interest. Plaintiff contends that in *Hirsch* the dissent at the Appellate Division was correct. Plaintiff further argues that both cases are "garden variety" insurance fraud cases and that statements about insurable interest are merely dicta.

We conclude that the Appellate Division writings in *Hirsch (supra)* in which the majority stated that the incontestable clause barred the rescission and in which the majority stated that the policy was void at its inception so that the incontestable clause had no application, sufficiently raised the issue so that if the Court of Appeals considered that *Wright (supra)* was misunderstood, it could have so indicated. Moreover, the Court of Appeals even denied reargument in *Hirsch.* Although the majority of States follow a contrary rule (30 NY Jur, Insurance, § 1079, at 455), we are constrained by *Wright* and *Hirsch* to reverse. Accordingly, defendant is entitled to judgment declaring that plaintiff is barred by passage of the contestable period from asserting that the life insurance policy issued to defendant is void for lack of an insurable interest.

DOERR, J. P., GREEN, BALIO and DAVIS, JJ., concur.

Order unanimously reversed, on the law, with costs, and judgment granted defendant, in accordance with opinion by PINE, J.