### WILLIAM M. BELCHER *vs.* WILLIAM A. SHEEHAN.

Suffolk.   March 15, 1898. — June 25, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Officer — Neglect to arrest on Execution issued on Void Judgment.*

In an action against an officer to recover damages for neglect to arrest a person on an execution, it is open to the defendant to prove that the judgment and execution were void.

TORT, against a constable, to recover damages for his neglect to arrest one Curtis on an execution. Trial in the Superior Court, without a jury, before *Sheldon,* J., who ruled that the defendant could not impeach the judgment, that it was conclusive until reversed, and found for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*J. L. Powers & C. W. Cushing,* for the defendant.

*C. E. Allen,* for the plaintiff.

FIELD, C. J.   As Curtis, when the plaintiff brought the action against him, was a resident of the State of New York, and had no place of business or last and usual place of abode in this Commonwealth, and was not served with process and did not appear in the action, and as no attachment was made upon his property within the Commonwealth, the judgment rendered against him is void, and Curtis, if sued on the judgment, could avoid it by plea and proof. *Needham* v. *Thayer,* 147 Mass. 536.

*Rand* v. *Hanson*, 154 Mass. 87. *Kimball* v. *Sweet*, 168 Mass. 105. As Curtis was described in the writ as "of Everett in the County of Middlesex, having his usual place of business in said Boston," it may be that the execution delivered to the defendant appeared to be regular and valid on its face. A copy of the execution is not before us. The extent to which an officer is protected in the service of process which is regular and valid on its face has been recently considered in this court in *Tellefsen* v. *Fee*, 168 Mass. 188. It is, however, unnecessary to determine whether, if the defendant had arrested Curtis on the execution, the process would have protected him. The defendant neglected to arrest him, and in an action to recover damages for such neglect it is open to the defendant to prove that the judgment and execution were in fact absolutely void. *Albee* v. *Ward*, 8 Mass. 79, 86. *Hitchcock* v. *Baker*, 2 Allen, 431. Freem. Ex. (2d ed.) § 103.                    *Exceptions sustained.*