THOMAS J. QUINN & another *vs.* FIRE ASSOCIATION OF
PHILADELPHIA.

SAME *vs.* IMPERIAL INSURANCE COMPANY.

SAME *vs.* CONNECTICUT FIRE INSURANCE COMPANY.

Suffolk.     January 7, 1902. — February 28, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Insurance, Fire,* Validity of provision added to standard form of policy.

A rider attached to the Massachusetts standard form of fire insurance policy, pro-
viding, that the assured shall maintain insurance on the property described in
the policy to the extent of at least eighty per cent of the actual cash value
thereof, and that, failing to do so, the assured shall be an insurer to the extent
of such deficit, is valid, being a provision "adding to or modifying those con-
tained in the standard form" within the permission given by St. 1894, c. 522,
§ 60, cl. 7.

THREE ACTIONS OF CONTRACT against three different fire in-
surance companies on policies alike in form, by Thomas J. Quinn,
the assured, and the Cape Cod Five Cents Savings Bank, mort-
gagee, to which the policies were payable in case of loss. Writs
dated May 18, 1900.

At the trial in the Superior Court, before *Gaskill*, J., without a jury, the plaintiffs asked for a ruling that the condition attached to the policy by a rider, which is quoted by the court, was not such an addition to or modification of the terms and conditions of the policy as is contemplated by St. 1894, c. 522, and was therefore void and of no effect. The judge refused so to rule, and found for the plaintiffs for amounts in accordance with the provision contained in the rider. By agreement of the parties, he reported the cases for the consideration of this court.

*J. W. Corcoran*, for the plaintiffs.

*J. H. Benton*, Jr., for the defendants.

HOLMES, C. J. These are actions upon policies of insurance. The only question brought before this court is whether the plaintiffs are entitled to a greater or to a less sum, and this depends upon the validity of a rider attached to the policies, which the plaintiffs dispute. The policies are in the Massachusetts standard form under St. 1894, c. 522, § 60, and, we assume, were made under Massachusetts law. The clause in the rider objected to is this: " It is a part of the consideration of this policy, and the basis upon which the rate of premium is fixed, that the assured shall maintain insurance on the property described by this policy, to the extent of at least eighty per cent of the actual cash value thereof; and failing so to do, the assured shall be an insurer to the extent of such deficit, and to that extent shall bear his, her or their proportion of any loss that may happen to said property." The only objection urged is that this is not a provision " adding to or modifying those contained in the standard form " within the permission given by cl. 7 of § 60.

We deal with no other objections than the one presented in argument, and as to that it is hard to do much more than to state it and to say that there is nothing in it. The plaintiffs quote the dictionaries, but we perceive nothing in their definitions which suggests that the rider is not within the literal meaning of the seventh clause. It is argued that the adoption of such a rider diminishes the full indemnity which the statute seeks to secure to mortgagees by making their interest secure against any act of the mortgagor. But the statute does not require insurance companies to contract to pay one sum rather than another to

mortgagees. It is not contended, as in *Hardy* v. *Lancashire Ins. Co.* 166 Mass. 210, that the rider does not purport to apply to mortgagees. The provision that the insured shall be an insurer to the extent of the deficit is merely a mode of fixing the proportion to be paid by the defendants. The suggestion that it creates a partnership and is *ultra vires* does not need serious reply.

*Judgment on the findings.*