PRUDENTIAL INS. CO. OF AMERICA v. MOHR.

(Circuit Court, D. Rhode Island. February 21, 1911.)

No. 2,960.

1. INSURANCE (§ 400*)—LIFE INSURANCE—STIPULATIONS AS TO INCONTESTABILITY—PARTIES AFFECTED.

A stipulation in a life policy that it shall be incontestable after one year inures only to the benefit of insured and his beneficiary, and it may not be invoked by a stranger to the contract.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1086; Dec. Dig. § 400.*]

---

**2.** FRAUD (§ 28*)—PROCURING POLICY—LIABILITY.

Where insured and the beneficiary in a life policy and a third person procured, by fraudulent representations that insured was in good health and an insurable risk, a policy made incontestable after one year, and insurer, relying on the representations, issued a policy which it was required to pay on the death of insured after the year, the liability of insurer on the policy was the natural and probable consequence of the misrepresentations, and insurer could sue the third person for the fraud.

[Ed. Note.—For other cases, see Fraud, Dec. Dig. § 28.*]

**3.** FRAUD (§ 43*)—PROCURING POLICY—DECLARATION.

A declaration stating a cause of action for deceit, resulting in an insurer issuing an incontestable life policy which it was required to pay, must allege with certainty the fraudulent misrepresentations made by defendant, either directly or through another, a party to a conspiracy to defraud insurer, and, while allegations as to the conspiracy may be pleaded as an inducement, there must be direct allegation charging defendant with deceit by false representations.

[Ed. Note.—For other cases, see Fraud, Dec. Dig. § 43.*]

At Law. Action by the Prudential Insurance Company of America against Charles F. Mohr. Demurrer to declaration overruled in part, and decision reserved in part.

Comstock & Canning, for plaintiff.
Page & Cushing, for defendant.

BROWN, District Judge. This action is described in the writ and declaration as an action of trespass on the case for damages arising from conspiracy. It is in substance an action for deceit by fraudulent misrepresentation that Joseph P. Hennon was in good health and an insurable risk, which induced the plaintiff insurance company to issue two policies upon the life of said Hennon, with a clause in each policy providing in effect:

"That the policies should be incontestable after one year from the date of issue, provided that all due premiums were paid thereon."

The declaration alleges the death of the insured, Hennon, after the expiration of one year from the date of issue; the refusal of the plaintiff insurance company to pay the amount called for under these policies, on the ground of fraud in their procurement; that the beneficiary, Elizabeth F. Mohr, the wife of the defendant, brought suit and recovered judgment for $6,173.89, which sum was thereafter paid to her.

The declaration is in substance to the effect that as a result of a conspiracy between the defendant, Charles F. Mohr, a practicing physician, his wife, the beneficiary, and Hennon, the assured, the plaintiff was fraudulently induced to issue policies containing a clause making said policies incontestable in the event which subsequently happened, to wit, the death of Hennon after the expiration of one year from the date of issue.

Disregarding for the present all questions raised as to the form and sufficiency of the averments, we will first consider the substantial questions raised by the first, second, and third specified grounds of demurrer.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The substance of the defendant's contention is that whatever damage was suffered by the plaintiff company was brought upon and caused to itself by its issuing the policies with incontestable clauses; that the said company, but for its own deliberate, subsequent, independent act in inserting in said policies said incontestable clauses, could have set up the fraudulent misrepresentation, and thus have prevented judgment from being obtained; that the incontestable clauses were either the sole or a contributing clause of any damage which it has suffered; and that by issuing policies of this character the company estopped itself to claim damage for any fraud which induced the issue of said policies where the insured died more than one year after they were issued, and while said policies were still in force.

Assuming on demurrer that, but for the incontestable clauses, the plaintiff need not have been held in damages upon the suit by the beneficiary (see opinion of the Supreme Court of Rhode Island in Elizabeth F. Mohr v. Prudential Ins. Co., etc., 78 Atl. 554, handed down January 16, 1911), it by no means follows that the issuing of the policies with incontestable clauses is to be regarded as an independent act, which arrests the train of causation and must be regarded as the sole and proximate cause of the injury. That the company has agreed under certain conditions not to contest its liability is insufficient to show that the fraudulent representation as to the health of the assured was not an inducement which led it to agree to put itself in a position where it would be practically defenseless in a suit brought by the beneficiary. In fact the condition of health of the applicant for an incontestable policy would seem to require more careful consideration than where the application is for a policy without such a clause. A clause of this character is the subject of an opinion by the Supreme Court of Rhode Island, in Murray v. State Insurance Co., 22 R. I. 524, 48 Atl. 800, 53 L. R. A. 742, which was subsequently cited by the Supreme Court of Massachusetts in Reagan v. Union Mutual Life Insurance Co., 189 Mass. 555, 76 N. E. 217, 2 L. R. A. (N. S.) 821, 109 Am. St. Rep. 659, a decision rendered upon a policy containing the following clause:

"Incontestability.—This policy is incontestable from date of issue for any cause except nonpayment of premium."

In the opinion by Knowlton, C. J., it was held that, if such clause were treated as intended to include fraud among the matters which cannot be set up in defense, this part of the provision is against the policy of our law and therefore void. It was said, however:

"This is not like the numerous cases in which the policy provides that it shall be incontestable for fraud after the expiration of a specified time, which is not unreasonably short. It has often been held that a provision of that kind is valid, because it is in the nature of a limitation of the time within which the defendant may avoid the policy for this cause. Such a provision is reasonable and proper, as it gives the insured a guaranty against possible expensive litigation to defeat his claim after the lapse of many years, and at the same time gives the company time and an opportunity for investigation, to ascertain whether the contract should remain in force. It is not against public policy, as tending to put fraud on a par with honesty. Wright v. Mutual Benefit Ass'n, 118 N. Y. 237 [23 N. E. 186, 6 L. R. A. 731, 16 Am. St. Rep. 749]; Vetter v. Massachusetts National Ass'n, 29 App. Div. 72 [51 N. Y. Supp. 393]; Clement v. New York Ins. Co., 101 Tenn. 22 [46 S. W.

564, 42 L. R. A. 217, 70 Am. St. Rep. 650]; Goodwin v. Provident Assur. Ass'n, 97 Iowa, 226–234 [66 N. W. 157, 32 L. R. A. 473, 59 Am. St. Rep. 411]; Kline v. National Benefit Ass'n, 111 Ind. 462 [11 N. E. 620, 60 Am. Rep. 703]; Murray v. State Ins. Co., 22 R. I. 524 [48 Atl. 800, 53 L. R. A. 742]; Royal Circle v. Achterrath, 204 Ill. 549 [68 N. E. 492, 63 L. R. A. 452, 98 Am. St. Rep. 224.]"

The opinion in New York Life Insurance Co. v. Hardison, 199 Mass. 190–195, 85 N. E. 410, 127 Am. St. Rep. 478, contains references which indicate that a provision making a policy incontestable after two years from its date has received statutory recognition as a proper provision.

The clause in question is an ordinary and proper provision.

The declaration alleges in substance that the fraudulent conspiracy included within its scope, not only the procurement of the ordinary agreement of insurance, but also the provision making the policies incontestable. Under these allegations all steps taken by the company in reliance upon the misrepresentation, including the insertion of the clauses which tied its hands and made it defenseless in a suit upon the policy itself, as well as the judgment obtained against it and the payment thereof, must be regarded as natural consequences contemplated by the defendant. The mere fact that the insurance company was induced to put itself into a defenseless position cannot avail the present defendant, who is neither a party to the contract nor a beneficiary. The incontestable clause inures only to the benefit of the assured and his beneficiary, and there is no reason why it should be invoked by a third person, a stranger to the contract: on the contrary, the special reasons for upholding the validity of a clause of this character are confined to those standing in the relation of insured or beneficiary. See cases supra; also Mutual Reserve Fund Life Ass'n v. Austin, 142 Fed. 398, 73 C. C. A. 498, 6 L. R. A. (N. S.) 1064.

Considering the question of causation, we can have no doubt that the incontestable clause was efficient in causing the plaintiff's loss. Nevertheless deceit was the primary cause.

Assuming on demurrer that but for this clause the company had a complete defense against an action on the policy, this but emphasizes the importance of this feature of the fraudulent design, and the necessity for regarding it as a part of the intended consequences of the original fraud, rather than as an independent and intervening act of the company.

The misrepresentation was made for the purpose of procuring from the company a document upon which it could be compelled to pay money. Without the incontestable clause, this purpose could not have been carried out; an ordinary contestable policy would have been insufficient.

The declaration alleges that application was made to the company for policies with the incontestable clause, and that such policies were issued in reliance upon false representations. Assuming the truth of the defendant's contention on demurrer that the incontestable clauses were efficient in fixing the insurance company's liability, the chain of causation between the false representation and the damage is complete, continuous, and unbroken. The events that happened followed

in accordance with what was designed. The incontestable clause was one of the essential conditions both of the design and of the result. The result was a natural and probable consequence of the defendant's misrepresentation. The elements of estoppel against the defendant, a stranger to the contract, are entirely lacking. The first, second, and third grounds of the demurrer are without merit.

The foregoing disposes of what seems to me the only substantial question in the case.

The defendant also specifies as grounds of demurrer numerous matters relating to the uncertainty of plaintiff's averments and to the inclusion of evidentiary or immaterial matters in the declaration. Though the declaration is drawn with an appreciation of the substantial questions of law that arise, it is objectionable, in that it is overloaded with mere matters of evidence. As the gist of the action is deceit, the plaintiff should allege with certainty and definiteness fraudulent misrepresentation made by this defendant, either directly or through another party to the alleged conspiracy. The clause relied upon by the plaintiff at the bottom of page 4 sets forth only one false representation—that the said Hennon was in good health and an insurable risk. The statement upon page 2 of the declaration, that the plaintiff was desirous of taking out insurance upon the life of Hennon, etc., is entirely irrelevant to the gist of this action, and introduces collateral and confusing matter. So, also, the specification of a large number of other companies, on page 3.

While the allegations concerning the conspiracy may be pleaded as inducement (Webb's Pollock on Torts [New Am. Ed.] p. 401 et seq.), and, if proved, are important as making the representations of one party to the conspiracy the representations of all, yet the defendant is entitled to be informed by direct allegation whether the plaintiff charges the defendant with deceit by and through false representations made in writing in Hennon's application, or whether it charges false representations otherwise made.

To consider these points in detail, however, would be of little value. They relate to idiosyncracies of this particular declaration, and many of the questions will doubtless be removed by amendment to the declaration, whereby matters of inducement shall be properly distinguished from a statement of the gist of the action, and wherein the gist shall be stated in direct and positive terms, rather than argumentatively.

The court will hear the parties further, and will orally decide as to the matters to be eliminated and amended.

The demurrer is overruled as to the first, second, and third grounds. Decision is reserved as to other grounds.