SAMUEL BRUSTEIN, Plaintiff, v. NEW AMSTERDAM CASUALTY COMPANY, Defendant.

Supreme Court, Kings County, December 16, 1929.

*Elliott, Jones & Fanning [Jay S. Jones, Edward J. Fanning* and *Thomas A. Shaw* of counsel], for the plaintiff.

*Frederick Mellor*, for the defendant.

BYRNE, J. This is an action brought by the plaintiff to recover the sum of $2,634, with interest, being the amount of judgment recovered by the plaintiff on February 17, 1928, against one Sol Pion for the loss of services resulting from injury to his wife, Bessie Brustein, who was struck by an automobile belonging to the said Sol Pion. Execution was duly issued on said judgment and was returned " Unsatisfied " by reason of the insolvency of said Sol Pion.

Bessie Brustein has also recovered a judgment against Pion for personal injuries in the sum of $8,145. Defendant has paid $5,000 and costs upon this judgment.

Prior to the accident a policy of liability insurance was issued to said Pion and said policy was in full force and effect at the time. The provisions of the policy here applicable are as follows:

" NEW AMSTERDAM CASUALTY COMPANY
" (A stock company)
" Hereinafter called the company

" DOES HEREBY AGREE with the names assured, subject to the limitations and conditions hereinafter provided, as respects to bodily injuries or death suffered, by any person or persons as the result of accidents occurring in the continental limits of the United States and Canada while this policy is in force, by reason of the ownership, maintenances or use of any automobile described in the Schedule hereof, including the loading and unloading of any such automobile:

" (1) To INSURE the Assured, within the limits expressed in Statement 6 of the Schedule, against loss from the liability imposed by law upon the assured for damages on account of such injuries."

Statement 6 of the schedule contained in the policy, so far as material in this action, is as follows:

" Statement 6. The liability of the Company, as respects each automobile covered hereby, shall be limited: (a) Under Insuring agreement (1) to Five Thousand Dollars ($5000) for one person injured or killed, and subject to that limit for each person, the Company's total liability on account of any one accident resulting in bodily injuries or death to more than one person shall be limited to Ten thousand Dollars ($10,000)."

The plaintiff claims that the policy in force and effect at the time of the accident entitles him to a recovery. The defendant claims that the policy does not apply to this judgment.

Section 109 of the Insurance Law (added by Laws of 1917, chap. 524, as amd. by Laws of 1924, chap. 639) is entitled " Standard provisions for liability policies." The first provision relates to policies of insurance against loss or damage resulting from accident " to or injury suffered by an employee or other person and for which the person insured is liable." A later provision is to the effect that no such policy shall be issued " to the owner of a motor vehicle * * * unless there shall be contained within such policy a provision insuring such owner against liability for damages for death or injuries to person or property resulting from negligence in the operation of such motor vehicle."

This is followed by the last paragraph of the section which reads as follows: " A policy issued in violation of this section shall, nevertheless, be held valid but be deemed to include the provisions required by this section, and when any provision in such policy or rider is in conflict with the provisions required to be contained by this section, the rights, duties and obligations of the insurer, the policyholder and the injured person shall be governed by the provisions of this section."

The defendant concedes in its memorandum that the required provisions must be contained in the policy, but asserts that nothing in this section, nor in the Insurance Law, prohibits a contractual limitation of its liability to " bodily injuries." If this be so, then the specified provisions, inserted in the policy in compliance with the statute, may be limited, varied or completely nullified by other and inconsistent provisions.

The section, and especially the last paragraph, discloses a contrary intent. Its language is clear and unambiguous and requires the defendant in its policy to insure the owner against liability " for damages for death or injuries to person or property." This cannot be varied by inconsistent contractual provisions. The statute, it seems to me, is imperative. The specified liability must be assumed by the insurer without limitation or qualification. That such was the legislative intent is indicated by the quoted paragraph wherein it is provided that when any provision of the policy is in conflict with the specified statutory provisions, the latter shall govern the rights, duties and obligations of the parties. A provision which insures the owner against liability for such damages only as flow from bodily injuries seems to be " in conflict " with the statutory provision which requires insurance against liability for all damages. The legislative command that in case of conflict

the provisions of the section shall govern seems to me to be as effective as an express provision forbidding the incorporation into the policy of the conflicting provision.

In a case otherwise distinguishable the Court of Appeals has said in reference to standard provisions there under consideration: " Two rules, however, are laid down. No policy and no rider to a policy shall contradict, vary or alter these standard provisions." (*Hopkins* v. *Connecticut Gen. Ins. Co.*, 225 N. Y. 76, 80.)

The provisions of section 109 are regulatory and in the nature of legislative restrictions upon the rights of insurance companies to issue liability policies. If the companies desire to engage in such business, they must assume liability in accordance with the statutory requirement. The regulation of insurance companies is within the police powers of the State. (*German Alliance Ins. Co.* v. *Hale*, 219 U. S. 307, 316, 317; *Matter of Bean* v. *Stoddard*, 207 App. Div. 276, 279; *New York Life Ins. Co.* v. *Hardison*, 199 Mass. 190, 198.)

Section 109, here involved, does not transcend the bounds of a proper exercise of the police power. In fact, the insolvency provision in the section, substantially in its present form, has been held by the Supreme Court of the United States to be a reasonable exercise of the police power. (*Merchants Liability Co.* v. *Smart*, 267 U. S. 126.)

Moreover, the policy must be deemed to have been issued subject to the provisions of the section, which was then in force, and the section thereby became a part of the policy. (*Adam* v. *Manhattan Life Ins. Co.*, 204 N. Y. 357, 360.)

Section 109 is valid legislation. The defendant is bound by the provisions thereof, and was without power to limit or vary the prescribed liability by inconsistent contractual provisions. The principle seems to me to be recognized in other jurisdictions. (*American Indemnity Co.* v. *Burrows*, 191 S. W. 574; *Queen Ins. Co.* v. *Leslie*, 9 L. R. A. 45 [Ohio]; *New York Life Co.* v. *Hardison*, *supra*, 194, 195.)

In the case last cited the court said, in considering a form of policy: " No departure from the exact provisions required by the statute should be permitted, unless it is too plain for doubt that the substitution is in every way as advantageous to the insured and as desirable as the prescribed provision."

And in *Merchants Liability Co.* v. *Smart* (*supra*) the court said, in considering the insolvency provision of section 109: " It is to be remembered that the assumption of liability by the insurance company under section 109 is entirely voluntary. It need not engage in such insurance if it chooses not to do so."

It seems to me, therefore, that plaintiff is entitled to recover, providing an action for loss of services falls within the category of " injuries to person," as those words are used in section 109. It has been so stated by the Court of Appeals in a case involving a consideration of section 282-e of the Highway Law. (*Psota* v. *L. I. R. R. Co.*, 246 N. Y. 388.)

The words " injuries to person or property " in this section are the same words appearing in section 109 of the Insurance Law. It was decided in the *Psota* case that the words " injuries to person " were used with reference to the definition of " personal injury " as found in section 37-a of the General Construction Law (added by Laws of 1920, chap. 917), and that an action for loss of services is within the scope of the definition. No reason is apparent why a different rule of construction should apply to the same words used in section 109 of the Insurance Law. This conclusion is in harmony with the rule that the General Construction Law should be read into every statute subsequently enacted, unless a contrary intent is discernible from the language of the subsequent act. (*O' Keeffe* v. *Dugan*, 185 App. Div. 53; affd., 225 N. Y. 667.) The plaintiff is entitled to recover.

Judgment for plaintiff. Submit findings of fact and conclusions of law.